UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RAYMOND GILLEN,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>KIMBERLY WANKER, et al.,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:14-cv-02042-LDG-PAL<br><br>**SCREENING ORDER**<br>**- and -**<br>**REPORT OF FINDINGS AND RECOMMENDATION** |

　　　　This matter is before the Court on Plaintiff Raymond Gillen's Receipt of Payment (Dkt. #5). This proceeding is referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

　　　　Plaintiff is a prisoner proceeding in this action *pro se*, and he has submitted a Complaint (Dkt. #1-2). Plaintiff requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), *see* IFP Application (Dkt. #1); however, this Court determined that Plaintiff did not qualify for IFP status. *See* Report of Findings & Recommendation (Dkt. #4). The Court concluded that Plaintiff would need to pay the $350.00 filing fee to proceed with this case, and if Plaintiff chose to do so, the Court would screen his Complaint as required by 28 U.S.C. § 1915A. *Id*. However, the Court advised Plaintiff that his Complaint does not state a claim upon which relief can be granted. *Id*. at 2. Plaintiff elected to pay the filing fee. Receipt of Payment (Dkt. #5). The Court will therefore vacate and withdraw the Report of Findings and Recommendation (Dkt. #4), screen Plaintiff's Complaint, and submit this updated Report of Findings and Recommendation to the district judge.

**I.　　SCREENING THE COMPLAINT**

　　　　Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b). When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc) (although the PRLA requires dismissal of a faulty complaint, a court retains discretion to grant leave to amend if the deficiencies could be cured).

### A.   Plaintiff's Factual Allegations and Claims for Relief

The Complaint (Dkt. #1-2) alleges a claim under 42 U.S.C. § 1983 for violations of Plaintiff's Fifth, Thirteenth, and Fourteenth Amendment rights. Plaintiff names Nye County District Court Judge Kimberly Wanker as the sole Defendant. In Count I, the Complaint alleges that Plaintiff has secured documentation proving that Wanker did not possess an "official bond of office required by law, to perform any official duties" at the time she sentenced him on criminal charges. *Id*. at 3–4. In his request for relief, Plaintiff seeks (i) "immediate release from prison due to illegal sentence and illegal incarceration," (ii) $13 million in compensation, and (iii) court costs. *Id*. at 9.

### B.   Legal Standard

Federal courts are required to dismiss a prisoner's complaint if it fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id*., or lack an arguable basis in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who

2

are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Id*. at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915A is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Cf. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

For purposes of § 1915A's screening requirement, a properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Id.* at 679–80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*).

  **C.** **Analysis of Plaintiff's § 1983 Claim**

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48–49

3

(1988).  For the reasons discussed below, the Court finds that Plaintiff's Complaint fails to state a § 1983 claim upon which relief can be granted.  The Court will recommend dismissal with prejudice because the deficiencies in Plaintiff's Complaint cannot be cured by amendment.

### 1. Wanker is Entitled to Judicial Immunity

Because Plaintiff's claims arise out of actions taken by Wanker in her official judicial capacity, she is absolutely immune from suit.  The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities.  *See, e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *see also Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (stating that "[j]udges . . . are absolutely immune from damage liability for acts performed in their official capacities"); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction.").  "Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986).  "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman*, 793 F.2d at 1075; *Miller*, 521 F.3d at 1145; *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992).

Here, there is no question that Defendant Wanker is entitled to judicial immunity from Plaintiff's § 1983 claim.  The Complaint expressly alleges that the claim against Defendant Wanker is related to conduct undertaken in her official judicial capacities.  Therefore, Plaintiff fails to state a claim upon which relief can be granted.

### 2. Plaintiff's Cannot Collaterally Attack his Conviction in this Court

Additionally, Plaintiff's claim against Wanker is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  In *Heck*, the Supreme Court held that a plaintiff cannot succeed on a § 1983 claim that necessarily implicates the constitutionality of the plaintiff's state conviction or sentence. 512 U.S. at 484–87.  This is because federal district

4

1  courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise.  *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  The Supreme Court has further held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief.  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).  Section 1983 cannot be used to indirectly attack a criminal conviction unless the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court authorized to make such a determination, or called into question by the issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 484 –87.  As a result, a plaintiff "may challenge the validity of his arrest, prosecution, and conviction *only by writ of habeas corpus*." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (emphasis added).

As the Court pointed out in its previous Report of Findings & Recommendation (Dkt. #4), the Complaint does not allege that Plaintiff's conviction has been reversed on direct appeal, expunged by executive order, declared invalid, or called into question.  In fact, the Complaint (Dkt. #1-2) indicates that Plaintiff has filed an action in the Nevada Supreme Court (Case No. 66609) against Wanker involving the same or similar facts but that case was dismissed in November 2014.  *Id*. at 6–7.  Since Plaintiff seeks "immediate release from prison due to illegal sentence and illegal incarceration," *id*. at 9, it is clear that Plaintiff's § 1983 claim amounts to a collateral attack of his criminal conviction.  Allowing Plaintiff's claim to proceed would therefore violate the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Heck*, 512 U.S. at 484.  This Court has no authority to issue an order requiring that Plaintiff be immediately released from prison or to act as an appellate court for the Nye County District Court.  Only the Nevada appellate courts may hear such appeals.  For this reason as well, Plaintiff's Complaint does not state a claim upon which relief can be granted.

Accordingly,

/ / /

/ / /

**IT IS ORDERED:**

1. The Report of Findings and Recommendation (Dkt. #4) is WITHDRAWN and SET ASIDE.
2. The Clerk of the Court shall file Plaintiff's Complaint, but shall not issue summons.

**IT IS RECOMMENDED** that:

3. Plaintiff Raymond Gillen's Complaint be DISMISSED WITH PREJUDICE.
4. The Clerk of the Court be instructed to close this case.

Dated this 27th day of October, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within 14 days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.